UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

HARVEY R. HARLEY #185·026
DC Jail
1901 D St. S.E.
Washington, DC 20003
PETITIONER

U.S. PAROLE COMMISSION
RESPONDANT

CASE NUMBER 1:06CV02258
JUDGE: Ricardo M. Urbina
DECK TYPE: Habeas Corpus/2255
DATE STAMP: 12/29/2006

"EMERGENCY WRIT OF HEBEAS CORPUS"

Comes Now Petitioner, Harvey R. Harley, Pro-Se, Requesting This Honorable Court To Vacate/Dismiss The Parole Violator Warrant Issued By The U.S. Parole Commission, Dated May 15, 2006, To Dismiss/Vacate The Results of The Illegal "Probable Cause Hearing" Held July 28, 2006, And To Vacate/Dismiss The Results of The Illegal "Parole Revocation Hearing" Held on September 14, 2006, As Both Hearings Were Done In Violation of Petitioners Constitutional Right Of Due Process Of The Law, As Mandated By Statutory Law At 28 C.F.R. 2.101(A). Petitioner Request This Honorable Court To Vacate The Warrant, And Order

RECEIVED
OCT 1? 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Petitioner's IMMEDIATE RELEASE FROM CUSTODY, AND TO ORDER Petitioner's IMMEDIATE REINSTATEMENT TO PAROLE.

"ARGUEMENTS"

TITTLE 28.C.F.R. 2.101(A), SPECIFICALLY MANDATES, AS A MATTER OF LAW, THAT PETITIONER HAS A STATUTORY RIGHT, UNDER DUE PROCESS OF THE LAW, TO BE SEEN BY THE U.S. PAROLE COMMISSION, OR IT'S DESIGNATED EXAMINER, WITHIN 5-DAYS OF BEING TAKEN/ARRESTED ON PAROLE VIOLATOR WARRANT, AND TO HAVE HIS "FINAL REVOCATION HEARING" WITHIN 65-DAYS OF THE ARREST ON VIOLATOR WARRANT. (SEE EXHIBIT A) THE STATUTE IS CLEAR AND IT'S MEANING, UNDENIABLE. THE "TIME LIMITS" IMPOSED BY THIS MANDATE ARE NOT "OPTIONAL", NOR IS IT "DISCRETIONARY", BUT IS, AS A MATTER OF LAW, "MANDATORY". THE U.S. PAROLE COMMISSION IS "BOUND BY STATUTORY LAW", AND IT'S FAILURE TO COMPLY OR IGNORE THE LAW, IS UN-ACCEPTABLE, AND DENIES PETITIONER HIS RIGHT TO DUE PROCESS OF THE LAW. PETITIONER STATES THAT, FAILURE BY THE U.S. PAROLE COMMISSION TO HAVE HIS "PROBABLE CAUSE" HEARING, AS WELL AS THE "REVOCATION HEARING", WITHIN THE TIME CONSTRAINTS MANDATED AT 28 CFR 2.101(A), ARE IN FACT GROUNDS FOR THIS COURT TO DISMISS THE "WARRANT", AND ANY ILLEGAL HEARINGS AND THE RESULTS FROM THOSE HEARINGS, DATED JULY 28, 2006, AND SEPTEMBER 14, 2006, SHOULD ALSO BE DISMISSED/VOIDED AS THE HEARINGS WERE NOT LEGALY DONE WITHIN THE TIME LIMITS IMPOSED BY 28 CFR 2.101(A).

Petitioner states that he is NOT REQUIRED to show "PREJUDICE", [By 28 C.F.R. 101(a) (page 173 U.S. Parole Guidelines and Rules Manual - 2005) or By it's accompanying "NOTES AND PROCEDURES" at 28 CFR 2.214-01 thru 28 CFR 2.214-05,] as a result of not having the statutorily mandated "PROBABLE CAUSE HEARING" within the 5-DAY LIMITATION - June 20, 2006 (excluding Saturday and Sunday). For comparison see 28 CFR 2.215-01(a):

"In cases where the 90-day time limit has not been observed, the examiner should ascertain from the releasee, what, if any, prejudice has been caused by the delay."

Neither, 28 CFR 2.101(a), nor it's accompanying "NOTES AND PROCEDURES" at, 28 CFR 2.214-01 thru 2.214-05, require a showing of "PREJUDICE", as 28 CFR 2.101(a) is MANDATED as STATUTORY LAW, and MUST BE ADHERED TO. Compare to U.S. Rules of Federal Procedure, governing Time Limits. If a party fails to respond within the time limits, his petition is DISMISSED, without a showing of good cause for not complying. In the instant petition there is NO REQUIREMENT TO SHOW PREJUDICE, and the U.S. Parole Commission LOST AUTHORITY TO PROCEED WITH PROCEEDINGS, as of June 20, 2006.

Petitioner was arrested on the parole violator warrant on June 13, 2006, (see Exibit B). Petitioner was held at "Alexandria Adult Detention Center", which is in the "Washington Metropolitan D.C. Area", and DOES HAVE BOTH

"PROBABLE CAUSE HEARINGS" AND "REVOCATION HEARINGS" FOR D.C. PRISONERS, AS STATED IN 28 CFR 2.101(A). THE U.S. PAROLE COMMISSION WAS REQUIRED BY LAW TO CONDUCT THE PETITIONER'S "PROBABLE CAUSE HEARING" NO LATER THAN JUNE 20, 2006, AND HAVE PETITIONERS "REVOCATION HEARING" NO LATER THAN AUGUST 17, 2006, AS PER 28 CFR 2.101(A), OR DROP THE WARRANT AND RELEASE PETITIONER. PETITIONER WAS NOT AFFORDED HIS DUE PROCESS RIGHT TO A "PROBABLE CAUSE HEARING" WITHIN 5-DAYS, AND DID NOT HAVE HIS REVOCATION HEARING BY AUGUST 17, 2006, AS MANDATED BY 28 CFR 2.101(A). BEING IN THIS POSITION, THE ILLEGAL HEARINGS OF JULY 28, 2006 AND SEPTEMBER 14, 2006, WERE, AS A MATTER OF LAW, "ILLEGALLY CONDUCTED", AS THE "WARRANT" THEY WERE PREDICATED UPON WAS NO LONGER VALID, AS OF JUNE 21, 2006. PETITIONER OBJECTED TO BOTH HEARINGS TO THE PAROLE EXAMINERS, BUT TO NO AVAIL, BOTH EXAMINERS IGNORED MY OBJECTIONS. PAROLE EXAMINER OTIS THOMAS ALSO IGNORED MS. MONA ASINER, PUBLIC DEFENDER SERVICE, OBJECTIONS FOR SAME REASONS, AT THE ILLEGAL REVOCATION HEARING ON SEPTEMBER 14, 2006.

PETITIONER WROTE THE U.S. PAROLE COMMISSION ON AUGUST 28, 2006, TO PUT THEM ON "NOTICE" TO THE OBJECTIONS OF THE PROBABLE CAUSE HEARING OF JULY 28, 2006, AS WELL AS THE UPCOMING SEPTEMBER 14, 2006 REVOCATION HEARING. THE U.S. PAROLE COMMISSION FAILED TO ADDRESS THE ISSUES OR CORRECT THE PROBLEMS. THEY SIMPLY IGNORED PETITIONERS LETTER, AS THEY FEEL THEY AREN'T "ANSWERABLE TO ANYONE", AND CARRY ON AS THEY ARE "ABOVE THE LAW NOT GOVERNED BY THE

(4.)

LAW. THIS COURT IS FULLY AWARE OF THE U.S. PAROLE COMM.'S ARROGANCE OF THE LAW, AND it's TIME THAT THIS AGENCY BE HELD ACCOUNTABLE TO THE LAWS WHICH GOVERN THEM.

## "CONCLUSIONS"

PETITIONER CLAIMS THAT THE U.S. PAROLE COMMISSION'S FAILURE TO ABIDE BY THE STATUTORY LAW 28 C.F.R. 2.101(a), TO HAVE PETITIONER'S "PROBABLE CAUSE HEARING" WITHIN 5-DAYS OF JUNE 13, 2006, AS WELL AS THE "FINAL REVOCATION HEARING" BY AUGUST 12, 2006, RENDERS THE "PAROLE VIOLATOR WARRANT DATED MAY 15, 2006" INVALID, AND ANY HEARINGS PREDICATED UPON THAT WARRANT, ALSO INVALID.

## "REMEDY"

PETITIONER BEGS THIS COURT TO ISSUE AN ORDER

1.) DISMISSAL OF PAROLE VIOLATOR WARRANT DATED MAY 15, 2006, W/PREJUDICE, DUE TO WARRANT VIOLATING PETITIONER'S RIGHT TO DUE PROCESS OF THE LAW;

2.) ORDER, PETITIONERS IMMEDIATE RELEASE FROM CUSTODY;

3.) ORDER, PETITIONERS IMMEDIATE REINSTATEMENT TO PAROLE AT SAME LEVEL OF SUPERVISION PRIOR TO MARCH 12, 2006.

SO, ORDERED.

DATE SUBMITTED:
OCTOBER 16, 2006

RESPECTFULLY SUBMITTED,

Harvey R. Harley #185-026
D.C. JAIL
1901 D ST. S.E.
WASHINGTON, D.C.
20003

TITLE 28.CFR§ 2.101(A)

# § 2.101 PROBABLE CAUSE HEARING AND DETERMINATION.

(a) *Hearing*. A parolee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking. A parolee who is retaken and held in custody outside the District of Columbia, but within the Washington, D.C. metropolitan area, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission within five days of the parolee's arrival at a facility where probable cause hearings are conducted. The purpose of a probable cause hearing is to determine whether there is probable cause to believe that the parolee has violated parole as charged, and if so, whether a local or institutional revocation hearing should be conducted. If the examiner finds probable cause, the examiner shall schedule a final revocation hearing to be held within 65 days of such parolee's arrest.

*June 13, 2016 — Aug. 17, 06*

(b) *Notice and opportunity to postpone hearing*. Prior to the commencement of each docket of the probable cause hearings in the District of Columbia, a list of the parolees who are scheduled for probable cause hearings, together with a copy of the warrant application for each parolee, shall be sent to the D.C. Public Defender Service. At or before the probable cause hearing, the parolee (or the parolee's attorney) may submit a written request that the hearing be postponed for any period up to thirty days, and the Commission shall ordinarily grant such requests. Prior to the commencement of the probable cause hearing, the examiner shall advise the parolee that the parolee may accept representation by the attorney from the D.C. Public Defender Service who is assigned to that docket, waive the assistance of an attorney at the probable cause hearing, or have the probable cause hearing postponed in order to obtain another attorney and/or witnesses on his behalf. In addition, the parolee may request the Commission to require the attendance of adverse witnesses (i.e., witnesses who have given information upon which revocation may be based) at a postponed probable cause hearing. Such adverse witnesses may be required to attend either a postponed probable cause hearing, or a combined postponed probable cause and local revocation hearing, provided the parolee meets the requirements of § 2.102(a) for a local revocation hearing. The parolee shall also be given notice of the time and place of any postponed probable cause hearing.

(c) *Review of the charges*. At the beginning of the probable cause hearing, the examiner shall ascertain that the notice required by § 2.99(b) has been given to the parolee. The examiner shall then review the violation charges with the parolee and shall apprise the parolee of the evidence that has been submitted in support of the charges. The examiner shall ascertain whether the parolee admits or denies each charge listed on the warrant application (or other notice of charges), and shall offer the parolee an opportunity to rebut or explain the allegations contained in the evidence giving rise to each charge. The examiner shall also receive the statements of any witnesses and documentary evidence that may be presented by the parolee. At a postponed probable cause hearing, the examiner shall also permit the parolee to confront and cross-examine any adverse witnesses in attendance, unless good cause is found for not allowing confrontation. Whenever a probable cause hearing is postponed to secure the appearance of adverse witnesses, the Commission will ordinarily order a combined probable cause and local revocation hearing as provided in paragraph (i) of this section.

(d) *Probable cause determination*. At the conclusion of the probable cause hearing, the examiner shall determine whether probable cause exists to believe that the parolee has violated parole as charged, and shall so inform the parolee. The examiner shall then take either of the following actions:

(1) If the examiner determines that no probable cause exists for any violation charge, the examiner shall order that the parolee be released from the custody of the warrant and either reinstated to parole, or discharged from supervision if the parolee's sentence has expired.

*June 13 — Aug. 17*

(2) If the hearing examiner determines that probable cause exists on any violation charge, and the parolee has requested (and is eligible for) a local revocation hearing in the District of Columbia as provided by § 2.102(a), the examiner shall schedule a local revocation hearing for a date that is within 65 days of the parolee's arrest. After the probable cause hearing, the parolee (or the parolee's attorney) may submit a written request for a postponement. Such postponements will normally be granted if the request is received no later than fifteen days before the date of the revocation hearing. A request for a postponement that is received by the Commission less than fifteen days before the scheduled date of the revocation hearing will be granted only for a compelling reason. The parolee (or the parolee's attorney) may also

## WARRANT For Return Of Prisoner Released To Supervision

Name: Harley, Harvey  
Reg. No. 36805-118

Institution: D.C. CCM  
DCDC No. 185-026

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

EASTERN DISTRICT _____ District of VIRGINIA _____ ss:

Received this writ the __9TH__ day of __June__, 20_06_, and executed same by arresting the within-named __Harley, Harvey__ this __13TH__ day of __June__, 20_06_, at __U.S. DISTRICT CT.__ and committing him to __ALEXANDRIA ADULT DET. CENTER__.

JOHN HOCKMAN ACTING U.S. MARSHAL  
U.S. Marshal

_____  
Deputy Marshal

Further executed same by committing him to __DC JAIL__ at __5 PM__ on __July 26__, 20_06_, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

George _____  
U.S. Marshal

William Martin  
Deputy Marshal

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated __MAY 15 2006__

Harvey R. Harley _____ 6-13-06  
Prisoner's Signature           Date

(If prisoner refuses to sign, Marshal should so indicate.)

**FILED**  
DEC 29 2006  
NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

06 2258

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06-2258 RMU

## I (a) PLAINTIFFS

HARVEY R. HARLEY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

## DEFENDANTS

USPC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 185-026

CASE NUMBER 1:06CV02258

JUDGE: Ricardo M. Urbina

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 12/29/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☒ G. Habeas Corpus/ 2255<br><br>☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. Employment Discrimination<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. FOIA/PRIVACY ACT<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. Student Loan<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. Labor/ERISA (non-employment)<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. Other Civil Rights (non-employment)<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. Contract<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. Three-Judge Court<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 0    Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO    If yes, please complete related case form.

DATE 12.29.06    SIGNATURE OF ATTORNEY OF RECORD  WCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

